UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISRAEL JAMES HOWARD,

Plaintiff,

v.

MICHAEL JEROME FEDIRKO, *et al*.,

Defendants.
_________________________________/

Case No. 2:26-cv-11481
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**ORDER GRANTING JOINT MOTION FOR EARLY PRE-TRIAL SETTLEMENT CONFERENCE (ECF No. 25) and DENYING PLAINTIFF'S MOTION FOR PREPARATION OF COURT TRANSCRIPT AT PUBLIC EXPENSE (ECF No. 23)**

## I. Joint Motion for Early Pre-Trial Settlement Conference (ECF No. 25)

The parties have filed a motion asking for the Undersigned to conduct an early settlement conference and have given good reasons for doing so. Accordingly, their motion is **GRANTED**, and the Court **HEREBY ORDERS** them to appear remotely for a settlement conference on **Tuesday, December 1, 2026 at 9 a.m. EST**. Instructions and formal notice will follow under separate cover. The parties must review my Practice Guidelines regarding settlement

conferences, which are available on the Court's website, as soon as possible and must comply therewith.[1]

## II. Plaintiff's Motion for Preparation of Court Transcript at Public Expense (ECF No. 23)

Plaintiff has filed a motion that asks the Court to direct that a transcript of the October 21, 2026 motion hearing be prepared on his behalf "at public expense" so that he can "substantiate defense counsel's on the record admission of non-compliance with mandatory record keeping standards and to establish the foundation for spoliation and evidentiary motions." (ECF No. 23, PageID.431.) While Plaintiff is welcome to order a transcript at his own expense, he is not entitled to it at public expense, and the Court will not order it. Although Plaintiff cites to 28 U.S.C. § 753(f) for the proposition that "fees for transcripts furnished in civil proceedings to persons permitted to proceed in forma pauperis shall be paid by the United States if the trial judge certifies that the suit is not frivolous and that the transcript is needed to decide the issue presented" (ECF No. 23, PageID.431-432), this is not accurate. The actual language of the statute reads, in pertinent part:

> Fees for transcripts furnished in *criminal proceedings* to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in *habeas corpus proceedings* to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of

[1] *See* https://www.mied.uscourts.gov/judges/magistrate/?id=51.

> moneys appropriated *for those purposes*. Fees for transcripts furnished in proceedings brought *under section 2255 of this title [28 USCS § 2255]* to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished *in other proceedings* to persons permitted *to appeal* in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C. § 753(f) (emphases added).

None of these provisions apply to Plaintiff at this stage in this civil case. He is not a criminal defendant. This is not a *habeas corpus* case. This is not a § 2255 action making a collateral attack on a federal criminal conviction.[2] And finally, this case is not at the point of an appeal, but is very much in the pretrial stages. If the case ever gets to the appeal stage, the Court may again question whether Plaintiff's *in forma pauperis* status should be renewed on appeal, since he himself alleges that he is "a long-term real estate investor & landlord" (ECF No. 1, PageID.31) and told the Court at the last motion remote hearing that he had to "get

---

[2] That statute begins: "A prisoner *in custody under sentence* of a court established by Act of Congress claiming the right to be released *upon the ground that the sentence was imposed* in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphases added).

on to another business meeting that I have[,]" yet claims under oath that he has no income from any source (ECF No. 2).

In any case, "under the American rule, each party bears its own costs in litigation." *Walter v. Fiorenzo*, 840 F.2d 427, 436 (7th Cir. 1988). Even in cases such as this one, "[a]n indigent plaintiff bears his own litigation expenses." *Dujardine v. Michigan Dept. of Corrections*, No. 1:07-cv-701, 2009 WL 3401172, 1 (W.D. Mich. Oct. 19, 2009) (Brenneman, M.J.) (citing *Tabron v. Grace,* 6 F.3d 147, 159 (3rd Cir.1993)). Indeed, even when granted *in forma pauperis* status, Plaintiff is not exempt from having to pay all costs incurred in obtaining discovery materials. *See, e.g., Smith v. Yarrow*, 78 Fed. App'x 529, 544 (6th Cir. 2003) ("A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts."). Here, regardless of whether Plaintiff's request is aimed at discovery – which it arguably is, since he wants the transcript to prove an admission against Defendants – it is at least a general litigation expense for which he remains responsible at this stage in this civil case. He is free to order a transcript at his own expense if he wants one.[3] Accordingly, the motion is **DENIED**.

---

[3] *See* https://www.mied.uscourts.gov/clerk/transcripts.

**It is SO ORDERED.**[4]

Dated: November 16, 2026

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).